IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LA MERLE RONNIE JOHNSON,

      Plaintiff,                                No. CIV S-09-0977 KJM P

     vs.

ARNOLD SCHWARZENEGGER, et al.,

      Defendants.                  ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se, who has consented to the jurisdiction of the undersigned. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $20.00 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

/////

1

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

1  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
2  Rhodes, 416 U.S. 232, 236 (1974).

3  In his complaint, plaintiff seeks an order directing prison officials to order all
4  inmates convicted of sexual assault against a child to vacate general visiting rooms when
5  children are present visiting other inmates. However, plaintiff fails to point to anything
6  suggesting that his rights arising under federal law, including the Constitution, have been or are
7  being violated in any respect. Without a violation of plaintiff's rights arising under federal law,
8  the court cannot order relief. To the extent plaintiff seeks relief based on the federal rights of
9  others being violated (such as children visiting inmates other than inmates convicted of sexual
10 assault against a child), plaintiff does not have standing to maintain such a suit. See Johns v. San
11 Diego County, 114 F.3d 874, 876 (9th Cir. 1997) (Constitutional claims are personal and cannot
12 be asserted vicariously). Therefore, the court will recommend this action be dismissed for
13 failure to state a claim upon which relief can be granted.

14 In accordance with the above, IT IS HEREBY ORDERED that:

15 1. Plaintiff's request for leave to proceed in forma pauperis is granted.

16 2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
17 Plaintiff is assessed an initial partial filing fee of $20.00. All fees shall be collected and paid in
18 accordance with this court's order to the Director of the California Department of Corrections
19 and Rehabilitation filed concurrently herewith.

20 3. This action is dismissed for failure to state a claim on which relief can be
21 granted.

22 DATED: January 13, 2010.

_____
U.S. MAGISTRATE JUDGE

24 1
   john0977.dis(5.13.09)